UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| MAUGHAN CONSOLIDATED, INC., | 12 Civ. 6876 (JMF) |
| Plaintiff, | **COMPLAINT** |
| - against - | ECF CASE |
| CHOWAIKI & CO. FINE ART LTD. and EZRA CHOWAIKI, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Maughan Consolidated Inc. ("Maughan" or "Plaintiff") by its undersigned attorneys, for its Complaint against Defendants Chowaiki & Co. Fine Art Ltd. (the "Gallery") and Ezra Chowaiki ("Chowaiki" and together with the Gallery, "Defendants"), alleges upon knowledge as to itself and its own acts, and upon information and belief as to all other matters as follows:

### Nature of the Action

1. With this action, Maughan action seeks to recover amounts due to it as the holder in due course of a Promissory Note (the "Note") executed by the Gallery and guaranteed by Chowaiki, the Gallery's principal.

2. Maughan is a company organized under the laws of the British Virgin Islands (BVI) and whose sole principal is Igor Kogan. Mr. Kogan is an art collector who owns his collection through Maughan. The Gallery is based in New York and specializes in fine art paintings.

3. In May 2011, the Gallery incurred a debt of $825,000 to Maughan. In

recognition of its debt to Maughan, the Gallery executed the Note on December 15, 2011.  The Note was personally guaranteed by Chowaiki.  In reliance on the Note and Chowaiki's personal guaranty (the "Guaranty"), Maughan agreed to forebear the collection of the $825,000 debt owed to it.

4. The Note became due and payable on December 20, 2011.  The Defendants have failed to pay any portion of the Note although due demand was made.

### Parties

5. Maughan Consolidated Inc. is a BVI company having an address at Trident Chambers, PO Box 146, Road Town, Tortola, BVI.  Maughan's principal, Igor Kogan, is a resident of the Russian Federation living in Moscow, Russia.

6. Defendant Chowaiki & Co. Fine Art Ltd. is a corporation organized under the laws of the State of New York with an address at 500 Park Avenue, Suite 16-C, New York, NY 10022.

7. Defendant Ezra Chowaiki maintains residences in New York, New York and Newtown, Pennsylvania.

### Jurisdiction and Venue

8. This Court's jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendants.

9. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b), in that Defendants are residents in, and a

substantial part of the events or omissions giving rise to this Complaint claim occurred in, this judicial district.

## Factual Background

10.     In May 2011, the Gallery incurred a debt of $825,000 payable to Maughan.  In recognition of its obligations to Maughan, the Gallery offered to execute a promissory note to Maughan for the principal amount of $825,000; as an extra inducement for Maughan to forebear on collecting on the debt owed to it by the Gallery, Chowaiki offered to personally guarantee the Gallery's obligations to Maughan under the note.

11.     On December 15, 2011, the Gallery executed the Note, which was also personally guaranteed by Chowaiki.  A true copy of the Note and Guaranty is annexed hereto as Exhibit "A".  Under the Note, the Gallery "unconditionally promises to pay to Maughan … the principal sum of $825,000" no later than December 20, 2011.  Pursuant to the terms of the Note, which is governed by the laws of the State of New York, the Gallery "waives diligence, demand, protest, presentment, notice of dishonor or any other notice or demand whatsoever."  Although the Note stipulates an interest rate of 50% in the event of nonpayment by the Gallery, Plaintiff does not seek to enforce that interest rate, which Plaintiff understands is in excess of the maximum rate under New York law.  Rather, Plaintiff, as holder of the Note, seeks to enforce an interest rate of 16% for nonpayment under the Note.

12.     Pursuant to the terms of the Guaranty, Chowaiki, "fully and unconditionally guarantee[s] to pay promptly on demand" of the holder of the Note "all and any payments specified" in said Note.

13.     Defendants failed to pay any portion of the principal under the Note by December 20, 2011.  By letter dated June 13, 2012, Plaintiff notified Defendants that the entire

principal amount of $825,000 plus interest was due and owing under the Note and requested that they pay said amounts due under the Note by June 27, 2012. A true copy of Plaintiff's demand letter to Defendants is annexed hereto as Exhibit "B". Despite Plaintiff's demand that Defendants pay the Note by June 27, 2012, they have failed to do so, and the entire principal amount of $825,000 plus interest remains due and payable to Maughan.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE GALLERY ON THE NOTE
**(Breach of Promissory Note)**

14. Plaintiff repeats and realleges the preceding allegations of this Complaint as if fully set forth herein.

15. On December 20, 2011, the maturity date of the Note, the Gallery failed to pay any portion of the Note.

16. Despite Plaintiff's demand that the Gallery pay the Note by June 27, 2012, the Gallery has failed to do so.

17. By reason of the foregoing, the Gallery owes to the Plaintiff the sum of $825,000 together with interest as calculated from December 21, 2011, as well as Plaintiff's reasonable attorney fees.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST CHOWAIKI ON THE GUARANTY
**(Breach of Personal Guaranty)**

18. Plaintiff repeats and realleges the preceding allegations of this Complaint as if fully set forth herein.

19. Under the Guaranty, Chowaiki unconditionally guaranteed the obligations of the Gallery under the Note.

20. Since the Gallery has failed to pay the Note, Chowaiki is personally liable

for payment of the Note.

21. Although demanded, Chowaiki has failed to pay the Note.

22. By reason of the foregoing, Chowaiki owes to Plaintiff the sum of $825,000 together with interest as calculated from December 21, 2011, as well as Plaintiff's reasonable attorney fees.

WHEREFORE, Plaintiff seeks judgment as follows:

A. Awarding damages in an amount to be determined upon the proof submitted to the Court, but presently believed to be in excess of $900,000.

B. Awarding the costs and disbursements of this action;

C. Awarding reasonable attorney fees and expenses to Plaintiff's attorneys; and

D. Awarding such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
September 11, 2012

SELVARATNAM LAW OFFICE, PLLC

By: _____/s/_____
Troy Selvaratnam (TS-1972)
The Woolworth Building
233 Broadway, Suite 2208
New York, NY 10279
(917) 408-6485
troy@selvaratnamlaw.us
*Attorneys for Plaintiff*